UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-20812-RAR

**EL-MAHFUJ BEY**,

    Plaintiff,

v.

**OFFICER STG. OSWALD REINA**,

    Defendant.
_____/

## ORDER DISMISSING AMENDED COMPLAINT

**THIS CAUSE** comes before the Court upon *sua sponte* review of Plaintiff's *pro se* Amended Complaint. [ECF No. 8]. On February 21, 2025, Plaintiff filed a Complaint, [ECF No. 1], against Officer Stg. Oswald Reina of the Miami-Dade Police Department. On February 28, 2025, the Court dismissed Plaintiff's Complaint for failure to state a claim and granted Plaintiff leave to file an amended complaint on or before March 17, 2025. *See* [ECF No. 4].

Plaintiff filed the Amended Complaint, [ECF No. 8], on March 13, 2025. Plaintiff brings this action under 42 U.S.C. § 1983 in relation to an incident on July 19, 2022. *See generally* Am. Compl. Upon screening the Amended Complaint and reviewing the applicable law, the Court finds that it again fails to state a claim against Defendant. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Amended Complaint is **DISMISSED** for the reasons set forth herein.

## LEGAL STANDARD

Because Plaintiff is a *pro se* litigant who has not paid the required filing fee, the screening provisions of 28 U.S.C. § 1915(e) apply. Under this statute, the Court shall dismiss a suit "at any

time if [it] determines that . . . (B) the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *see also Taliaferro v. United States*, 677 F. App'x 536, 537 (11th Cir. 2017) ("[D]istrict courts have the power to screen complaints filed by all [*in forma pauperis*] litigants, prisoners and non-prisoners alike." (citing *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999))).

"A *pro se* pleading is held to a less stringent standard than a pleading drafted by an attorney and is liberally construed." *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017); *see also Torres v. Miami-Dade Cnty.*, 734 F. App'x 688, 691 (11th Cir. 2018) ("Liberal construction, in more concrete terms, means that federal courts must sometimes look beyond the labels used in a *pro se* party's complaint and focus on the content and substance of the allegations."). But despite the liberal construction afforded to *pro se* filings, they must conform with procedural rules, *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007), and a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Invs. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." In order to satisfy this rule, the allegations in the complaint must "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. 662 at 678. Although the complaint need not make detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-

harmed-me accusation." *Id.* at 678. A complaint is insufficient if it only "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 557).

Further, the facts alleged in the complaint must be sufficient to cross "the line between possibility and plausibility of entitlement to relief." *Twombly*, 550 U.S. at 557. In determining whether a plaintiff has met this burden, "[f]actual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." *Doe v. Samford Univ.*, 29 F.4th 675, 685 (11th Cir. 2022) (quoting *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012)). And "courts may infer from the factual allegations in the complaint obvious alternative explanations, which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (alteration adopted) (internal quotation marks omitted); *see also Twombly*, 550 U.S. at 554 (holding that allegations do not plausibly allege wrongdoing when they are "consistent with [liability], but just as much in line with a wide swath of" lawful conduct).

Importantly, the Court does not act as a researcher or investigator on a plaintiff's behalf. *See Fils v. City of Aventura*, 647 F.3d 1272, 1285 (11th Cir. 2011) (explaining that courts may not act as a litigant's lawyer and construct the party's theory of liability from facts never alleged, alluded to, or mentioned during the litigation). And failure to adhere to procedural rules or court orders, of course, provides grounds for dismissal. *See Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240–41 (11th Cir. 2009) (explaining that dismissal of the action may be severe but warranted when the grounds for dismissal were previously notified).

A *pro se* litigant must generally "be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Woldeab v. DeKalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) (quoting *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991)). "A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)). "When the amended complaint still fails to cure the deficiency, the complaint may be subject to dismissal." *Luft v. Citigroup Glob. Markets Realty Corp.*, 620 F. App'x 702, 704 (11th Cir. 2015) (citing *Byrne v. Nezhat*, 261 F.3d 1075, 1133 (11th Cir. 2001)).

## ANALYSIS

Plaintiff brings the following counts against Defendant: (1) false arrest and imprisonment pursuant to 42 U.S.C. § 1983 (Count I); (2) excessive force pursuant to 42 U.S.C. § 1983 (Count II); (3) malicious prosecution pursuant to 42 U.S.C. § 1983 (Count III); (4) perjury pursuant to 42 U.S.C. § 1983 (Count IV); (5) failure to intervene pursuant to 42 U.S.C. § 1983 (Count V); and (6) discrimination pursuant to 42 U.S.C. § 1983 and Title VI of the Civil Rights Act of 1964.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law. *See Griffin v. City of Opa Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). While Rule 8 allows a plaintiff considerable leeway in framing a complaint, the Eleventh Circuit has tightened the application of Rule 8 with respect to § 1983 cases in an effort to identify meritless claims. *See GJR Invs.*, 132 F.3d at 1367 ("Some factual detail in the pleadings is necessary to the adjudication of § 1983 claims."). Accordingly, a

§ 1983 plaintiff must allege with specificity the facts which make out his claim. *See Wilson v. Strong,* 156 F.3d 1131, 1134 (11th Cir. 1998) ("[T]he contours of an asserted constitutional right 'must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'"). Factual detail in the pleadings is particularly necessary in cases involving qualified immunity, where the Court must determine whether a defendant's actions violated a clearly established right. *See GJR Invs.*, 132 F.3d at 1367.

In the Court's dismissal of Plaintiff's initial Complaint, the Court detailed a variety of ways in which Plaintiff failed to state a claim. *See generally* Order of Dismissal, [ECF No. 4]. Specifically, the Court found that Plaintiff's Complaint constituted an impermissible shotgun pleading in two ways: first, that each count adopted all the allegations of the preceding counts; and second, that the complaint was full of conclusory, vague, and immaterial facts. *Id.* at 2. In his Amended Complaint, Plaintiff fixed only the first issue and entirely neglected to address the Court's concern that no facts were pled at all, and that the Complaint contained only legal conclusions. *Id.* at 3.

For Counts I and III–VII, Plaintiff's failure to cure the dearth of facts is fatal to his Amended Complaint—particularly for a § 1983 claim. For example, the Amended Complaint does not say what happened at the Opa-Locka Marathon gas station on July 19, 2022; it merely says that "Plaintiff was unlawfully detained, falsely arrested, and subjected to excessive force" by Defendant and other officers in violation of the Fourth, Fifth, and Fourteenth Amendments. Am. Compl. ¶ 5. But Plaintiff does not describe any events that could be characterized as an unlawful detention or what resulted in his false arrest. Certainly, "[a]n arrest without a warrant and lacking probable cause violates the Constitution and can underpin a § 1983 claim, but the existence of probable cause at the time of arrest is an absolute bar to a subsequent constitutional challenge to

the arrest." *Brown v. City of Huntsville, Ala.*, 608 F.3d 724, 734 (11th Cir. 2010). Here, there are no allegations that speak to the existence of probable cause or the lack thereof—accordingly, Plaintiff has failed to establish a claim for false arrest. *See Hesed-El v. McCord*, 829 F. App'x 469, 473 (11th Cir. 2020) (explaining that where a plaintiff alleges "no facts in his complaint establishing or allowing [a] plausible inference" regarding probable cause, he does "not allege sufficient facts to allow a 'plausible suggestion' of a section 1983 claim").

Plaintiff then seems to allege that the arrest was based on a fraudulent warrant but does not explain *how* the warrant was fraudulent. Am. Compl. ¶ 6. Plaintiff mentions that Defendant was not listed as the arresting officer, which he alleges is a violation of Due Process under the Fourteenth Amendment, but again does not explain how that renders the warrant fraudulent—especially given that he alleges other officers were present at the arrest. Am. Compl. ¶ 6. Moreover, an officer's false statements will only support a false arrest claim if those statements were "necessary to the probable cause." *Jones v. Cannon*, 174 F.3d 1271, 1285 (11th Cir. 1999); *see also Manborde v. Suarez*, No. 22-20404, 2022 WL 2191638, at *3 (S.D. Fla. June 17, 2022) (explaining "a police officer's false statements in an application for a warrant are not, standing alone, sufficient to state a viable false-arrest claim *unless* 'such false statements were necessary to the probable cause.'" (quoting *Jones*, 174 F.3d at 1285) (emphasis in original)).

The remaining four paragraphs, ostensibly the "Factual Background," also largely rely on conclusory allegations and present more legal conclusions than any relevant facts. Am. Compl. ¶¶ 7–10. Plaintiff alleges—without any details or specifics—forceful removal from a vehicle, restraint, and assault; Defendant's refusal to accept Plaintiff's lawful identification; Defendant's false accusation that Plaintiff resisted arrest; and that Defendant falsified official reports, tampered with evidence, and altered arrest records. But as with the allegations related to Plaintiff's claim of

false arrest, there are simply not enough facts pleaded to state a claim—there are only conclusory statements that laws were broken and rights were violated without ever saying how. *See, e.g., Rebalko v. City of Coral Springs*, 552 F. Supp. 3d 1285, 1308–09 (S.D. Fla. 2020) (claims for false imprisonment and malicious prosecution require the plaintiff to show an absence of probable cause for the arrest).

As to Count II, Plaintiff's allegation of excessive force pursuant to § 1983, Plaintiff states that he was "forcefully removed from his vehicle, restrained, and assaulted, suffering bodily injuries, head trauma, memory loss, paranoia, and severe emotional distress, violating his rights under the Fourth and Eighth Amendments." Am. Compl. ¶ 7. Though Plaintiff provides no additional details and does not actually aver that Defendant was the person who removed him from the vehicle, he adds later in the "Claims for Relief" that "Defendant's actions were objectively unreasonable under the circumstances." Am. Compl. ¶ 14. Read liberally, the Court will assume that Defendant's actions that Plaintiff describes as objectively unreasonable are the same ones described earlier involving forceful removal, restraint, and assault. Regardless, even though forceful removal, restraint, and assault could be sufficient to constitute a claim of excessive force, Plaintiff's allegations are insufficient to establish such a claim here.

The Fourth Amendment right to be free from unreasonable searches and seizures "encompasses the plain right to be free from the use of excessive force in the course of an arrest." *Lee v. Ferraro*, 284 F.3d 1188, 1197 (11th Cir. 2002) (citing *Graham v. Connor*, 490 U.S. 386, 394–95 (1989)). But, to show excessive force, Plaintiff must demonstrate that the amount of force used was "objectively unreasonable under the facts and circumstances of a specific case, judged from the perspective of a reasonable officer on the scene." *Stephens v. DeGiovanni*, 852 F.3d 1298, 1321 (11th Cir. 2017) (internal quotation omitted); *see also Weiland v. Palm Beach Cnty.*

*Sheriff's Off.*, 792 F.3d 1313, 1326 (11th Cir. 2015) (quoting *Graham*, 490 U.S. at 396) (explaining that "[r]easonableness is judged objectively 'from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.'").  So, while Plaintiff does formulaically allege that Defendant's actions were "objectively unreasonable under the circumstances," Am. Compl. ¶ 14, additional factual details are required to state a § 1983 claim.  Without such details as to the reasonable officer's perspective, Plaintiff fails to state a legally cognizable excessive force claim.  *See Lee*, 284 F.3d at 1197 ("In order to determine whether the amount of force used by a police officer was proper, a court must ask whether a reasonable officer would believe that this level of force is necessary in the situation at hand.").

The Court also noted in its original dismissal that "the amended complaint should, at the very least, cure the deficiencies identified within this Order to state a claim for relief" and warned Plaintiff that "failure to file the amended complaint in compliance with this Court's Order shall result in dismissal of this case for failure to prosecute or failure to comply with court orders." Order of Dismissal, [ECF No. 4], at 5–6 (citing FED. R. CIV. P. 41(b)).  Because Plaintiff has failed to remedy the deficiencies detailed in the Court's prior Order, the Amended Complaint is due to be dismissed.  Moreover, no statutory bar to refiling appears to exist since Plaintiff's claim or claims do not appear to be time barred, and he has time remaining to file a new lawsuit.  *See Bey v. Turner Guilford Knight, Inc., et al.*, No. 23-23043, ECF No. 28, 5–6 (S.D. Fla. May 1, 2024); *see also McGroarty v. Swearingen*, 977 F.3d 1302, 1307 (11th Cir. 2020) ("[A] plaintiff must commence a § 1983 claim arising in Florida within four years of the allegedly unconstitutional or otherwise illegal act." (quoting *Burton v. City of Belle Glade*, 178 F.3d 1175, 1188 (11th Cir. 1999))).

**CONCLUSION**

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that the Amended Complaint, [ECF No. 8], is **DISMISSED**. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida, this 8th day of April, 2025.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**